IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

Case No.: 23-CR-10-WMC

KBWB OPERATIONS LLC, d/b/a Atrium
Health and Senior Living,

Defendant.

## PLEA AGREEMENT

1. This is the proposed plea agreement between the defendant KBWB Operations LLC and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** Defendant KBWB Operations LLC agrees to plead guilty to Count One and Count Eleven of the Indictment. Count One charges Health Care Fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2, which carries a mandatory $400 special assessment and the Court may impose a fine of up to $500,000 or twice the gross gain or loss caused by the offense, whichever is greater, and may order forfeiture and restitution. Count Eleven charges Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, which carries a mandatory $400 special assessment and the Court may impose a fine of up to $500,000 or twice the gross gain or loss caused by the offense, whichever is greater, and may order forfeiture and restitution. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **CORPORATE AUTHORIZATION:** The undersigned representative, as the managing member and one of the owners of KBWB Operations LLC, is authorized to enter into this Plea Agreement on behalf of the defendant KBWB Operations LLC and thereby bind the defendant KBWB Operations LLC to the terms of the Plea Agreement. The defendant KBWB Operations LLC agrees and acknowledges that the plea of guilty will be entered by the defendant KBWB Operations LLC through the undersigned representative, Vincent Tufariello, and that Vincent Tufariello is authorized to enter the plea of guilty on the defendant KBWB Operations LLC's behalf.

4. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that it is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

5. **APPELLATE RIGHTS WAIVER:** The defendant acknowledges, after consultation with its attorney, that it fully understands the extent of its rights to appeal the conviction and sentence in this case. By the signature of its authorized corporate representative below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal its conviction including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

6. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that it is, in fact, guilty of the offense described herein.

With respect to Count One of the Indictment, from on or about January 1, 2015 to in or about September 2018, defendant KBWB Operations LLC, through its officers, managers, and employees, operating within the scope of their corporate duties and for the benefit of the corporation, knowingly and willfully executed, and attempted to execute a scheme to defraud, and to obtain by means of false and fraudulent material pretenses, representations, and promises, money under the custody and control of a health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services.

The corporate headquarters of defendant KBWB Operations LLC, which did business as Atrium Health and Senior Living ("KBWB-Atrium"), was in Little Falls, New Jersey and its Midwest corporate office was in Appleton, Wisconsin. KBWB-Atrium owned and operated 23 skilled nursing facilities ("SNFs") in Wisconsin. At all times relevant, co-defendant Kevin Breslin was the Chief Executive Officer and managing member of defendant KBWB-Atrium. Co-defendant Breslin was responsible for overseeing all KBWB-Atrium's operations and managed its business. Co-defendant Breslin was one of six owners of KBWB-Atrium.

The primary source of income for the KBWB-Atrium Wisconsin SNFs was federal Medicare and Medicaid funds from the Centers for Medicare and Medicaid Services ("CMS"). Defendant KBWB-Atrium was a Medicare and Medicaid provider. To obtain and maintain CMS funding, defendant KBWB-Atrium and co-defendant Breslin (collectively "the defendants") certified in their provider agreements with CMS that they

would abide by all applicable federal regulations and law, and applicable state requirements.

As part of the scheme to defraud, the defendants did not use the CMS funds for the intended purpose of its Wisconsin SNFs. Rather, co-defendant Breslin, on behalf of KBWB-Atrium, directed and authorized that CMS funds intended for the operation, management, maintenance, and care of the residents of the Atrium Wisconsin SNFs be diverted for other purposes. Co-defendant Breslin prioritized an order of payment for the diversion of those funds. Co-defendant Breslin required that Atrium's owners be paid regardless of KBWB-Atrium's financial situation and cash flow issues. KBWB-Atrium's owners received distributions and guaranteed payments.

Co-defendant Breslin, on behalf of KBWB-Atrium, also authorized the diversion of CMS funds to pay the personal expenses for some of Atrium's owners.

As part of the fraud scheme, co-defendant Breslin on behalf of KBWB-Atrium also authorized money to be taken from the Atrium Wisconsin resident trust accounts. He also authorized the non-payment of employees' withheld federal and state taxes to the IRS along with the employer taxes. Co-defendant Breslin authorized monies that Atrium Wisconsin employees had deducted from their paychecks for health insurance premiums and 401(k) plan contributions not to be paid to the respective third-party administrators.

Co-defendant Breslin required and received daily and weekly information about KBWB-Atrium's Midwest operations for its Wisconsin SNFs. Daily and weekly spreadsheets sent to co-defendant Breslin showed various financial information including accounts receivable, accounts payable, and vendor non-payment issues including bounced checks. Co-defendant Breslin and KBWB-Atrium employees, who acted at the direction of executive level managers and co-defendant Breslin, knew that checks were written to vendors who had supplied goods and services to the Atrium Wisconsin SNFs and there were nonsufficient funds in KBWB-Atrium's bank accounts to cover those checks. Co-defendant Breslin and KBWB-Atrium employees knew that vendors were not being paid for extended periods of time or some were not paid at all for their services.

Co-defendant Breslin's scheme to defraud CMS and divert funds from the KBWB-Atrium Wisconsin SNFs resulted in the federally required standards of care governing SNFs not being met, including not operating the KBWB-Atrium Wisconsin SNFs in a manner that would enhance residents' quality of life by providing them with services and

activities to attain and maintain the highest practicable physical, mental, and psychosocial well-being of residents.

Co-defendant Breslin falsely and fraudulently certified that the defendants had met all federal regulations and laws governing the Atrium Wisconsin SNFs. Co-defendant Breslin knowingly and willfully continued to recertify compliance with all federal regulations and laws to continue receiving CMS funds, intending to use those funds for other purposes and personal expenditures and not for their intended purpose. Co-defendant Breslin failed to inform CMS that the defendants had not paid all required taxes which was a requirement to receive CMS funds.

With respect to Count Eleven of the Indictment, from on or about October 1, 2016 to in or about August 2018, co-defendant Breslin, acting on behalf of KBWB-Atrium, authorized that withheld income taxes and employment taxes from KBWB-Atrium Wisconsin employees' paychecks not be paid over to the IRS. The defendants filed Forms 941 with the IRS indicating the tax amounts withheld from their employees' wages but failed to pay the withheld taxes when they filed the 941 returns. The defendants also issued W-2 forms to the IRS and KBWB-Atrium employees that showed the total amount of taxes that had been withheld however those withheld taxes were not paid to the IRS. This caused employees to prepare tax returns listing those withholdings as having been paid to the IRS, which was false. The defendants also did not pay the employer's share of taxes to the IRS. Breslin and KBWB Atrium knowingly conspired with two additional unindicted co-conspirators, to defraud the IRS by failing to pay over withheld taxes and the employer taxes to the IRS.

At all times relevant for this factual basis, KBWB-Atrium acted through co-defendant Breslin and its employees, including employees in its New Jersey corporate headquarters and Midwest corporate office. KBWB-Atrium executive level employees followed co-defendant Breslin's directions and orders and acted within the scope of their authority and employment. KBWB-Atrium employees followed the directions of KBWB-Atrium executive level employees. Co-defendant Breslin's conduct described above was in the course and scope of his employment at KBWB-Atrium and done in part to benefit KBWB-Atrium.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

7. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office

for the Western District of Wisconsin and the Department of Justice Consumer Protection Branch have exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining counts two through ten and count twelve of the indictment at sentencing.

9. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offenses of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The parties will agree upon the exact restitution figure for Counts One and Eleven before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing or a restitution hearing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

10. **FINANCIAL DISCLOSURES AND STATEMENT:** In order to facilitate the collection of financial obligations of this Plea Agreement, within 14 days of the execution of this Plea Agreement, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those assets held by a successor, nominee, or other third party, and to submit a completed financial statement to the United States, in a form as it directs. The defendant agrees that such financial statement and disclosures will be complete, accurate, and truthful. Not later than 30 days after the execution of this Plea Agreement, the defendant will provide to the government any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by counsel for the government. The defendant authorizes the Department of Justice to run the defendant's credit report and the defendant will promptly execute authorizations on any required forms to permit the United States to obtain financial and tax records of the defendant. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the presentence report, together with all supporting documents.

11. **FORFEITURE:** The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future including the forfeiture of assets which were seized by or may be seized as part of this case. The defendant agrees to waive all time limits and its right to notice of any forfeiture proceeding involving this property. The defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding. The assets to be forfeited specifically include a

money judgment in an amount to be determined at sentencing representing proceeds obtained from the commission of the conduct or common scheme or plan.

12. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions and prior plea offers are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, and prior plea offers, other than those memorialized in this plea agreement.

13. **SENTENCING RECOMMENDATIONS:** The defendant understands and acknowledges that it may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by the defendant and the government. Although not binding on the probation office or the Court, the government and the defendant agree that, except as otherwise expressly contemplated in this Plea Agreement, the government will not seek a criminal penalty of a fine.

14. **VOLUNTARINESS OF PLEA:** The defendant, through its authorized corporate representative, acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. The defendant, through its authorized corporate representative, acknowledges that it has read this agreement, has carefully reviewed it with its attorneys and understands and voluntarily accepts all its terms.

15. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant, through its authorized corporate representative, and defense counsel acknowledge that this is the only plea agreement in this case. The defendant must sign this plea agreement on or before 5:00 pm EST on January 15, 2025.

TIMOTHY M. O'SHEA
United States Attorney

AMANDA LISKAMM
DIRECTOR
CONSUMER PROTECTION BRANCH

January 15, 2025
Date

By: *Karla-dee Clark*
KARLA-DEE CLARK, STEVEN SCOTT, AND ROWAN REID
Trial Attorneys
Consumer Protection Branch

6

1/17/25
Date

LEE VARTAN, ESQ.
MELISSA WERNICK, ESQ.
Attorneys for the Defendant

01-17-2025
Date

VINCENT TUFARIELLO, MANAGING
MEMBER, FOR DEFENDANT KBWB
OPERATIONS LLC

## ACKNOWLEDGEMENTS

I, Vincent Tufariello, am the duly authorized representative of KBWB Operations LLC, and I have been authorized by KBWB Operations LLC, to sign this plea agreement which I enter freely and voluntarily as the authorized representative of KBWB Operations LLC. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. KBWB Operations LLC, through its duly authorized representative, has been advised by its attorneys regarding all aspects of this plea agreement and its attorneys have reviewed the entire agreement with its duly authorized representative and has advised its duly authorized representative of the implications of all aspects of this case including the charges, elements of those charges, possible defenses, and the sentencing guidelines. KBWB Operations LLC is satisfied that its attorneys have provided effective assistance of counsel.

_01-17-2025_
Date

_[signature]_
VINCENT TUFARIELLO, MANAGING MEMBER, FOR DEFENDANT KBWB OPERATIONS LLC

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_1/17/25_
Date

_[signature]_
LEE VARTAN, ESQ.
MELISSA WERNICK, ESQ.
Attorneys for Defendant

8