# United States District Court

## Western District of Wisconsin

UNITED STATES OF AMERICA

V.

KBWB Operations LLC d/b/a Atrium Health and Senior Living

**JUDGMENT IN A CRIMINAL CASE**
(for offenses committed on or after November 1, 1987)

**Case Number:** 0758 3:23CR00010-002

**Defendant's Attorney:** Lee Vartan

Defendant organization, KBWB Operations LLC d/b/a Atrium Health and Senior Living, pleaded guilty to Counts 1 and 11 of the indictment.

Counts 2 through 10 and 12 of the indictment are dismissed on the motion of the United States.

Defendant organization has been advised of its right to appeal.

**ACCORDINGLY**, defendant organization is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1347 and 18 U.S.C. § 2 | Healthcare Fraud, a Class C felony | September 2018 | 1 |
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States, a Class C felony | August 2018 | 11 |

Defendant organization is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that defendant organization shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, defendant shall notify the Court and United States Attorney of any material change in defendant's economic circumstances.**

**Federal Employer ID Number:** [redacted]2300

**Year of Incorporation.:** Limited Liability Company formed on July 22, 2014

**Defendant Organization's Mailing Address:** 26 Main Street
Edison, New Jersey 08837

November 17, 2025
Date of Imposition of Judgment

*/s/ William Conley*

William M. Conley
District Judge

November 20, 2025
Date Signed

# PROBATION

As to Counts 1 and 11 of the indictment, it is adjudged that defendant, KBWB Operations LLC, is to serve a 5-year term of probation, per count, to run concurrently.

In light of the nature of the offense and defendant's organizational history, in addition to the statutory mandatory conditions of supervision, I adopt condition numbers **1 through 7** as proposed and justified in the presentence report.

If, when defendant is released from confinement to begin their term of supervised release, either defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

---

**Mandatory Condition - 18 U.S.C. § 3563(a)**

Defendant shall comply with the mandatory conditions set forth in 18 U.S.C. §§ 3563(a)(1), (a)(6), and (a)(7).

---

Defendant shall comply with the special conditions that have been adopted by this Court.

**Special Conditions**

1) The defendant organization shall not commit another federal, state, or local crime during the term of probation.

2) Within seven days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer.

3) The defendant organization's representative shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant organization's representative shall notify the probation officer ten days prior to any change in principal business or mailing address.

5) The defendant organization shall permit a probation officer to visit the organization at any of its operating business sites.

6) The defendant organization's representative shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization.

7) The defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

____________________ ____________
Defendant Date

____________________ ____________
U.S. Probation Officer Date

# CRIMINAL MONETARY PENALTIES

Defendant must pay the total criminal monetary penalties in accordance with the Schedule of Payments set forth below.

| Count(s) | Assessment | Restitution | Fine |
|---|---|---|---|
| **1** | **$** 400.00 | **$** 130,834,006.27 | **$** 0.00 |
| **11** | **$** 400.00 | **$** 15,359,879.69 | **$** 0.00 |
| **TOTALS** | **$** 800.00 | **$** 146,193,885.96 | **$** 0.00 |

It is adjudged that defendant organization is to pay a $800 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine without impairing its ability to contribute toward restitution under §8C3.3(a). Indeed, defendant is apparently no longer an operational business, is attempting to transfer licenses, and intends to close as a company, including all subsidiaries, with the New Jersey Secretary of State upon completion of those transfers. Therefore, I impose no fine.

As agreed upon by the parties, a money judgment in the amount of $8,462,572.00 for forfeiture is ordered.

# RESTITUTION

Defendant is also to pay mandatory restitution in the total amount of $146,193,885.96 to the U.S. Clerk of Court for the Western District of Wisconsin. Of the total amount, restitution in the amount of $54,134,763.27 is to be dispersed to individual employees, residents, and vendors, including the Wisconsin Department of Workforce Development, to be dispersed as indicated in the government's amended restitution claims summary spreadsheet found at Dkt. No. 343. Restitution in a total amount of $76,699,243.00 shall be paid to the Center for Medicare and Medicaid Services for distribution as follows: Medicare - $26,206,966.69; and Medicaid - $50,492,276.31. Restitution in the amount of $15,359,879.69 shall be paid to the Internal Revenue Service.

The U.S. Attorney's Office shall provide addresses to the Clerk's office for all of these victims. The restitution amount is joint and several with co-defendant, Kevin Breslin, and any others found culpable criminally or civilly, including KBWB's co-owners.

The total restitution is to be paid immediately.

Defendant organization shall notify the Court and the United States Attorney General of any material change in defendant organization's economic circumstances that might affect defendant organization's ability to pay restitution.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution principal;
(3) restitution interest;
(4) AVAA assessment;
(5) fine principal;
(6) fine interest;
(7) community restitution;
(8) JVTA assessment;
(9) penalties;
(10) costs, including costs of prosecution and court costs.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

If the judgment imposes a period of imprisonment, all inmates owing financial obligations as part of their sentences are encouraged to develop financial repayment plans during their periods of incarceration. 28 CFR Sections 545.10 and 545.11. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court, unless otherwise directed by the Court, the supervising U.S. Probation Officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation Office, and U.S. Attorney's Office so that defendant's account can be credited.