UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

Case No. 23-cr-00010-WMC

KEVIN BRESLIN and
KBWB OPERATIONS, LLC d/b/a
Atrium Health and Senior Living,

Defendants.
_________________________________/

**~~[PROPOSED]~~ ORDER FOR FORFEITURE – MONEY JUDGMENT**

Based upon motion of the United States having moved for entry of a forfeiture money judgment pursuant to 18 U.S.C. § 982 and Fed. R. Crim. P. 32.2 and the Court's consideration of the entire record, and good cause appearing, the Court finds:

1. On February 1, 2023, Defendants Kevin Breslin and KBWB Operations, LLC were charged in a twelve-count indictment. Both defendants have pleaded guilty to Count 1, Health Care Fraud, in violation of 18 U.S.C. § 1347 and Count 11, Conspiracy to Defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371.

2. Pursuant to 18 U.S.C. § 982(a)(7), defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3. Pursuant to Fed. R. Crim. P. 32.2(c)(1), "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

4. $8,462,572 represents the gross proceeds each defendant obtained, directly or indirectly, and that are traceable to the commission of the health care fraud offense.

5. Further, as a result of the acts or omissions of the defendants, the directly forfeitable proceeds of the offense cannot be located upon the exercise of due diligence, or have been transferred or otherwise dissipated. Accordingly, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), the United States is entitled to seek forfeiture or substitute property up to the amount of the forfeiture money judgment.

IT IS THEREFORE ORDERED:

1. A forfeiture money judgment in the amount of $8,462,572 is entered jointly and severally against Defendants Kevin Breslin and KBWB OPERATIONS, LLC.

2. The United States may enforce this money judgment against either defendant or both, until the entire balance is collected.

3. Each forfeiture money judgement is final as to the respective defendant at sentencing and shall be incorporated in that defendant's judgment of conviction pursuant to Fed. R. Crim. P. 32.2(b)(4).

4. The United States is authorized to take any lawful action necessary to collect each forfeiture money judgment including forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

5. Because this Order imposes forfeiture money judgments only and does not include the forfeiture of specific property at this time, no ancillary proceeding is required under Fed. R. Crim. P. 32.2(c)(1).

6. The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this Order of Forfeiture to substitute property having value not to exceed $8,462,572 for each defendant to satisfy the money judgment in whole or in part.

7. This Court retains jurisdiction to enforce, amend, or modify this Order as necessary.

DATED: 11/26/2025

WILLIAM M. CONLEY
United States District Judge